CASE vs. HOBART.

*Negligence — Nonsuit.*

In an action for damages to plaintiff's premises by a fire alleged to have caught, through defendant's negligence, from one kindled on his land, where the evidence showed that defendant's fire must have been communicated to plaintiff's premises (if at all) by combustible material burning unobserved under ground, and there was no proof that defendant knew the combustible nature of the soil under the surface, or was guilty of negligence in ascertaining that fact, it was not error to grant a nonsuit.

APPEAL from the County Court of *Milwaukee* County.

*Joshua Stark*, for appellant

*Jenkins & Elliott* (with *Wm. F. & H. Vilas*, of counsel), for respondent.

Dixon, C. J. This case presents a pure question of fact. It was an action to recover damages sustained by reason of the alleged negligence of the defendant in setting fire to some stumps upon his own land, and in not properly watching and tending the same, whereby the fire communicated to the premises of the plaintiff and burned up the standing timber, cord-wood, and fence thereon. At the close of the plaintiff's testimony the defendant moved a nonsuit, for the reason that there was no evidence going to establish the negligence, and the court granted the motion, from which the plaintiff appeals. A careful consideration of the evidence convinces us that the direction of the court was right. The burning of the plaintiff's timber, etc., occurred about seventeen days after the fire was set by the defendant. Soon after the fire was set by the defendant, it spread in the direction of the plaintiff's premises, and the defendant put it out. The defendant had every reason to suppose that it was entirely extinguished, and that it could not possibly, or at least that it was very improbable that it would, spread further in the same direction. The defendant then went away from home, leaving his premises in charge of a servant girl and a small boy. He was absent at the time the injury happened to the plaintiff's property. This was upon Sunday, and no person saw the fire take, or can testify how it took. The proofs very clearly show that it must, provided it was communicated from that set by the defendant, have passed under ground, burning unobserved until it reached the combustible material on top of the ground beyond the space first burnt over, when the defendant was present and extinguished it, and thus, communicating with such combustible material on the surface, have run upon the premises of the plaintiff. If this was the mode of communication (and there is no other reasonable or probable upon the evidence), then there is no ground for imputing negligence to the defendant. It was a burning

by mere accident, for which he is not responsible. He certainly used due care to extinguish and prevent the spread of the fire in the first instance. He exercised all the diligence which might ordinarily be expected, or which the law requires, from a party under such circumstances. He left the fire, if any still lingered, as it seems it did, in and about the stumps, in such condition that it was reasonable to anticipate that it might not or could not spread to the damage of any person. And as to the combustible nature of the soil under the surface, there is no proof that he knew that, or was guilty of any negligence in not finding it out. It seems that no one knew or suspected it until it was demonstrated by this fire, if indeed that was the way in which it was communicated.

In the absence of all proof tending to show negligence on the part of the defendant, the judgment below must be affirmed.

*By the Court.* — Judgment affirmed.