| 28 | 139 |
| 45 | 88 |

---

JOSEPH KRIPPNER *vs.* SEBASTIAN BIEBL.

July 15, 1881.

**Negligence—Setting Fire to Grain Stubble.**—Defendant set a fire in his grain stubble on the 3rd of October, after plowing around the field to prevent the spreading of the fire. The fire "jumped" the plowing, and spread over the prairie. The defendant attempted to extinguish it the same day, the evidence tending to show that the fire was not actually extinguished, but that it continued to burn smoulderingly in the soil of a slough until the 5th of the same month, when, without other intervening cause than an ordinary change in the direction and force of the wind, it burned afresh, and, running upon plaintiff's land, two miles from where the fire had been set, destroyed his property. *Held,* that if the defendant was chargeable with negligence in the setting and care of the fire, the

fact that it was so long stayed in its progress in the slough, burning there in a latent condition, did not, as a matter of law, excuse defendant from liability for the subsequent injury caused by the fire, although he might not have had reason to anticipate that the fire would so smoulder in the slough and so revive; nor can it be said, as a matter of law, that such injury was too remote to warrant a recovery against the defendant.

**Evidence—Expert.**—The fact being material as to how far a fire in stubble land would be liable to " jump " a fire-break, under certain conditions of the wind and vegetation, it is competent for a witness, shown to have had actual knowledge of such conditions, and to have had sufficient experience with such fires, to give his judgment or opinion as to such fact.

**Same—Belief of Wrongdoer.**—The belief of the defendant, at the time of the fire, that there was no danger from it, is not competent evidence where only compensatory damages are claimed.

Appeal by defendant from an order of the district court for Nicollet county, *Cox, J.,* presiding, refusing a new trial.

*John Lind,* for appellant, cited *Case* v. *Hobart,* 25 Wis. 654; *Stewart* v. *Hawley,* 22 Barb. 619; Cooley on Torts, 69; *Dewey* v. *Leonard,* 14 Minn. 153; *Wood* v. *Chicago, Mil. & St. Paul Ry. Co.,* 8 N. W. Rep. 214; *Schell* v. *Second Nat. Bank,* 14 Minn. 43; *Greenland* v. *Chaplin,* 5 Exch. 243; *Rigby* v. *Hewitt,* 5 Exch. 240; *Hoey* v. *Felton,* 11 C. B. (N. S.) 142; *Cook* v. *Champlain Transportation Co.,* 1 Denio, 92; *Bellfountain R. Co.* v. *Snyder,* 18 Ohio St. 399; *Morrison* v. *Davis,* 20 Pa. St. 171; *Railroad Co.* v. *Reeves,* 10 Wall. 176.

*B. F. Webber,* for respondent.

DICKINSON, J.     This cause, tried before the court below with a jury, comes to this court upon an appeal from an order refusing a new trial. The action is for negligence, the complaint alleging that the defendant intentionally and negligently kindled a fire upon certain lands, and so negligently and carelessly watched and tended the fire that it extended to the plaintiff's land, there destroying certain personal property, the value of which is sought to be recovered.     The answer admits the kindling of a fire by the defendant, but puts in issue the charge of negligence, and avers that the fire was extinguished without having caused any damage.

It appears from the evidence that a fire was set by defendant in his stubble field in the afternoon of October 3rd.     There was evidence on

the part of the defendant relative to precautions taken by him to prevent the spreading of the fire, he testifying that, before setting the fire, he plowed three furrows around the field intended to be burned. By the testimony of the defendant it appeared that the fire "jumped" this strip of plowed land, and spread over the adjacent lands; but the evidence on the part of the defendant also tended to show that he extinguished the fire that night, (October 3rd,) before it had communicated to plaintiff's premises, which were nearly two miles from the place of setting the fire. On the other hand, the evidence on the part of the plaintiff tended to prove that the fire set by the defendant on the 3rd of October was not extinguished, but on the same day extended to a slough situate between the land of the plaintiff and that of the defendant, and continued to smoulder and burn in the dry soil of the slough until the morning of the 5th of October, when it spread across the adjacent grass-land to the premises of the plaintiff, and destroyed his property about noon of that day.

Upon the trial the defendant, being upon the stand as a witness in his own behalf, was asked by his counsel this question: "After doing what you have sworn you did in extinguishing the fire, did you or did you not think it safe?" The objection being made that this was immaterial, irrelevant and incompetent, the court sustained the objection. The ruling was correct. The only issue to which this evidence could have been directed was that of negligence in the care or control of the fire. The thought or belief of the defendant, entertained by him at the time of the fire, as to whether it was safe or not, was no measure or test of his carefulness or negligence. Vindictive damages were not claimed, and his belief was immaterial.

After the case on the part of the defendant had shown the precautions taken by him by plowing to prevent the spread of the fire, as above stated, a witness was called on the part of the plaintiff, who testified that he had been a farmer 14 years; that he knew the dry condition of the grass at the time of the fire; that he saw the fire on the 3rd of October; that it was very dry, and a very strong wind blowing; that he had had some experience in prairie fires. He was then asked this question on the part of the plaintiff: "On such a day as that when this fire was started, on the 3rd of October, how many feet

in width in plowing do you think would be necessary to stop a fire on stubble land?" This was objected to as being incompetent, irrelevant and immaterial. The objection was overruled, and the witness answered: "On such a day as that was, it would be from 13 to 15 feet." This was not error. A material question of fact, for the determination of the jury, was whether the precautions taken by the defendant to prevent the spreading of the fire were such as common prudence required. This would depend upon the existing conditions in respect to the wind, and the dryness of the vegetation upon the ground, with which the witness was acquainted, and upon the fact as to how far, under such conditions, a fire in the stubble might be carried in the air, or "jump," as it is expressively termed. As to this latter fact, we think it is not one of common knowledge, concerning which it could be presumed that the jury could form a judgment as well as a witness, who, from actual experience, had become capable of judging with some degree of accuracy. We cannot assume that the jurors were all farmers, or that they were possessed of knowledge or experience upon the subject. The law is thus well expressed in 2 Taylor, Ev. § 1275: "It may be laid down as a general rule that the opinion of a witness possessing peculiar skill is admissible whenever the subject of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance." We do not question the correctness or modify the force of the decision in *Sowers* v. *Dukes*, 8 Minn. 6 (23,) in which case it did not appear that the witness had any sources or means of knowledge beyond those presumably possessed by the jury. Moreover, the subject of the inquiry in that case was one more within the common knowledge of men than is that now under consideration. Whether the peculiar qualification of the witness was sufficiently shown as a foundation for receiving his testimony, was largely in the discretion of the trial court. *Howard* v. *City of Providence*, 6 R. I. 514. No objection appears to have been based upon this ground.

The defendant presented several propositions to the court, with the request that the same be given to the jury as the instructions of the court, among which was the following: "*Fourth*. If you find that the fact of the fire remaining in the slough, as testified, for two nights and

one day, and then starting again, could have been foreseen by a man exercising ordinary prudence, under the circumstances, then the defendant is liable; but if it could not have been foreseen by ordinary carefulness, then he is not liable. The defendant is only responsible for the natural and proximate, and not for the remote, consequences flowing from his acts. If a subsequent and distinct cause, intervening after that for which the defendant is responsible has ceased to act, has been productive of the injury, and if that was the immediate cause of the injury, and but for that no injury would have occurred, the defendant is not responsible." To the refusal of the court to give this charge to the jury the defendant excepted. The court was right. Assuming, as we may, that the latter half of the request correctly states the rule of law in such cases, yet the first part of the charge proposed involves the error of leaving out of consideration the *setting* of the fire, as a ground of liability, which might properly be found by the jury to have been an act of negligence, and the proximate cause of the injury. It makes the defendant's liability to depend only upon the determination as to whether a prudent man could have foreseen that event which might have been regarded by the jury as a mere incident attending the fire; that is, its lingering and smouldering in the slough, and its subsequent bursting out afresh. If, under the circumstances, the setting of the fire was negligence, which directly produced the injury, the defendant might be held liable, although the staying of the fire in the slough, and its revival, might not have been anticipated by a prudent man. "A man who negligently sets fire on his own land, and keeps it negligently, is liable to an action at common law for any injury done by the spreading or communication of the fire directly from his land to the property of another, whether through the air or along the ground, and whether he might or might not have reasonably anticipated the particular manner and direction in which it is actually communicated." *Higgins* v. *Dewey*, 107 Mass. 494.

The defendant, in the request above given, and in the claim that the verdict is not justified by the evidence, rests upon the ground, as a legal proposition, that if the fire did linger, latent, in the slough, from the night of the 3rd to the morning of the 5th of the month, unknown to the defendant, and then burned afresh, he not having

reason to anticipate that it would so smoulder in the slough and then revive, the injury following was so remote as not to be the subject of a recovery in this action. We cannot assent to this as a legal proposition. It is unnecessary to consider whether, as a mixed question of law and fact, it might not have been properly so considered by the jury, under instructions from the court. Accepting as premises of fact whatever is not put in question by the evidence in the case, it is to be observed that the original act of the defendant, claimed to have been the wrongful cause of the injury, was continuously in operation from the time of setting the fire until the injury occurred, two days afterwards. No other independent responsible agency intervened, nor, indeed, any other change in natural conditions than an ordinary change in the wind from south or south-east to south-west, with, perhaps, some increase in its force. Under these circumstances it cannot be said, as a conclusion of law, that the injury was too remote. *Atchison, T. & S. F. R. Co.* v. *Stanford*, 12 Kan. 354; *Higgins* v. *Dewey, supra; Fent* v. *Toledo, P. & W. Ry. Co.*, 59 Ill. 349; *Kellogg* v. *Mil. & St. Paul R. Co.*, (U. S. C. C. per *Miller, J.*,) Cent. Law. J. 1874, p. 278; *Griggs* v. *Fleckenstein*, 14 Minn. 81; 2 Greenl. Ev. § 268c.; 1 Bouv. Law Dict. title, "*Causa proxima*," etc., and cases cited.

Nor can we assume that the defendant was not negligent in leaving the fire before it was actually extinguished, and such may have been the conclusion of the jury. The defendant's testimony shows that when he left the place of the fire at night, "once in a while a spark could be seen, but no more fire." In *Case* v. *Hobart*, 25 Wis. 654, the court considered that there was no evidence of negligence on the part of the defendant, and that he "had every reason to suppose that it (the fire) was entirely extinguished," and sustained a nonsuit in an action for a burning of property *seventeen* days afterwards.

The defendant also requested this charge to be made to the jury: "*Fifth.* I further charge you that if Biebl exercised proper care in putting out the fire on the evening it had been started, and after exercising such care he believed it safe, then he is not liable." The case states that the court gave this instruction with this qualification: "I say if he put the fire out, he is not liable; but if he was negligent in

the first instance in the setting and care of the fire, no amount of care or diligence afterwards exercised will exonerate him from liability." The defendant excepted to the qualification and to the instruction so qualified. The charge requested was erroneous, for the reasons before given with reference to another part of the case: It ignores a negligent *setting* of the fire as a possible proximate cause of the injury; and, although the defendant may have been chargeable with such negligence, it makes his subsequent efforts to avert injury, and his own belief of his success, at the time, a defence, as a matter of law, to an action for the first negligence. The charge given, with the qualification, can only mean this: If the defendant exercised proper care in extinguishing the fire on the evening of the day it had been started, and did actually extinguish it, he is not liable; but if he was negligent in the first instance, in the setting and care of the fire, no amount of care or diligence afterwards exercised will exonerate him from liability. We think the instruction, as it must have been understood by the jury, was right. Taking the whole charge together, (only a portion of which is here given,) it cannot be interpreted as indicating to the jury that defendant was chargeable except for such injuries as resulted proximately as a consequence of his negligence.

The court further gave to the jury this instruction, to which defendant excepted: "In this case, if you find that the fire set by the defendant burned the plaintiff's hay and rake, there is but one question for you, gentlemen, to determine, and that is, was he negligent in setting and watching this fire? If he was, you will find for the plaintiff; if he was not, you will return a verdict of no cause of action. The question of inevitable accident can hardly enter into your consideration in determining this case." The objection to this part of the charge which defendant makes in this court, is that the jury were confined to one question, viz., as to whether or not the defendant was negligent in the first instance; and that they were instructed to ignore the consideration of the extraordinary circumstance of the fire remaining in the ground, and afterwards reviving and doing this damage. We understand defendant's point to be this: that the jury

were instructed, in substance, that if the defendant negligently set and watched the fire, the fact that it lingered so long in the slough and then revived, doing the injury complained of, was not to be regarded as an "inevitable accident," discharging defendant from liability on account of his previous negligence; and this is perhaps the most obvious meaning to be placed upon the somewhat obscure language of the charge.

Upon the facts presented in this case we do not deem such instruction erroneous, for reasons already adverted to, viz., that that "circumstance" was not a *cause* of the injury, independent of defendant's prior negligence, if, indeed, it can be said to have been a cause at all, or more than a mere incident attending the progress of the destructive agency which defendant had set in operation. The case illustrates, under different circumstances, the same legal principle as that involved in *Griggs* v. *Fleckenstein*, 14 Minn. 81, where defendant's team, by reason of his negligence, ran away in the street of a town. The populace attempting by shouts and gestures to stop the team, it collided with the team of another person, which, in turn, running away, struck plaintiff's horse, doing damage, for which defendant was held liable. There is nothing in the charge to lead the jury to suppose they were not to consider, as bearing upon the question whether defendant was negligent in respect to the control of the fire, the fact that he did so far subdue it that it became almost or quite latent. The claim of the defendant that, upon the evidence presented in the case, the plaintiff cannot, as a matter of law, recover, cannot be sustained.

Order affirmed.