(Opinion published 57 N. W. Rep. 141.)

---

GEORGE H. FLETCHER *vs.* JOHN F. BYERS *et al.*

Submitted on briefs Nov. 24, 1893.    Affirmed Dec. 6, 1893.

No. 8410.

Sham answer.

An order striking out an answer as sham sustained.

Appeal by defendants, John F. Byers, Frank W. Cook and Edwin Clark, from an order of the District Court of Hennepin County, *Seagrave Smith*, J., made March 11, 1893, striking out their answer as sham.

The State Bank of Minneapolis commenced this action January 7, 1893, against the defendants above named and Frank Barnard upon their promissory note to him for $2,500 dated April 7, 1892, and indorsed by him to that bank. The defendants, except Barnard, answered that the note was given without consideration and that they had no knowledge or information sufficient to form a belief as to whether or not Barnard had indorsed it to the Bank. A motion was made, on affidavits and notice, to strike out this answer as sham and for judgment. The motion was granted and defendants ap-

pealed. On July 31, 1893, the attorneys of the parties stipulated that the Bank made a general assignment June 26, 1893, of all its property to George H. Fletcher and that he be substituted as plaintiff in the action. An order was entered to this effect and the return sent up.

*George Thwing* and *Boardman & Boutelle*, for appellants.

To defeat a motion of this character the defendant is not bound to prove his case or disclose all the facts upon which he relies. To require him to do so would make the motion to strike out a fishing expedition to catch the other party's facts. We believe there is neither authority nor reason for holding that in such a case a defendant is bound to prove his case, or show his hand. *Kiefer* v. *Thomas*, 6 Abb. Pr. (N. S.) 42; *Wright* v. *Jewell*, 33 Minn. 505; *People* v. *McCumber*, 18 N. Y. 315; *Barker* v. *Foster*, 29 Minn. 166; *C. N. Nelson Lumber Co.* v. *Richardson*, 31 Minn. 267.

*Hahn & Hawley*, for respondent.

When a defendant, on a motion to strike out his defence as sham, supports it by an affidavit, stating specifically the grounds of his defence, he cannot as a general rule be deprived of the benefit of a trial in the ordinary mode. But no affidavit in this case in support of the answer states specifically the grounds of defence. Defendants confine themselves to a denial of the admissions of liability on the note, set forth in the affidavits in support of the motion. *Kay* v. *Whittaker*, 44 N. Y. 565; *Smith* v. *Betcher*, 34 Minn. 218.

GILFILLAN, C. J. Appeal from an order striking out an answer as sham. The action is on a promissory note made by the defendants Byers, Cook, and Clark, payable to the defendant Barnard, and by him indorsed to plaintiff. The answer denied that the note was executed for a valuable consideration; alleged that it was executed without consideration; and denied knowledge or information sufficient to form a belief whether it was indorsed by Barnard to plaintiff.

On the motion as finally submitted, there were used, on the part of the plaintiff, the affidavits of two persons, one of them Barnard,

who swore that the note was indorsed by Barnard to plaintiff. In opposition on that point, one defendant made affidavit that he did not know how it was. Another made affidavit stating, on information and belief, that Barnard "hypothecated said note, with plaintiff as security, for a debt past due." Neither attempts to show any effort, by inquiry or otherwise, to ascertain the precise fact. On the point of consideration, plaintiff presented the affidavits of two persons, one of them Barnard, who swore that the note was given upon a settlement between Barnard and the defendants Byers, Cook and Clark, of Barnard's claim against them, growing out of a contract respecting stock in the Standard Menominee Brick Company; Barnard, in his affidavit, stating "that the remainder of said indebtedness, being the sum of about fifteen hundred dollars, then and there found to be due this affiant from said defendants on said settlement, was paid in cash by said defendants to affiant." In opposition on the matter of consideration, defendants used only the affidavit of Cook, who swore that "the note in question was executed for said stock, but that said Barnard failed to transfer said stock to said Byers, Cook, and Clark, as agreed." Then follows in the affidavit a long statement as to transactions subsequent to the stock contract, all of which is suggestive that the part of his affidavit above quoted is evasive; that while it may be literally true, it is not the entire truth. But his affidavit does not deny the settlement, nor that the notes were given upon it. It states: "Deponent denies that, at any settlement between said Barnard and these defendants Byers, Cook, and Clark, these defendants paid said Barnard the sum of $1,500, or any other sum, on account of the purchase of said stock."

All the affidavits put it beyond reasonable doubt that the answer was false, and that the defendants knew it to be false.

Order affirmed.

(Opinion published 57 N. W. Rep. 139.)