## Mayer v. Hornberger

*Edgar S. Richardson* and *Max M. Yaffe*, for plaintiff.
*John W. Speicher* and *C. W. Austin*, for defendant.

SHANAMAN, J., December 7, 1936.—This was a suit in trespass for damages for the destruction of plaintiff's trees by fire. The jury found a verdict for plaintiff for $490. Defendant has taken rule for new trial. He urges first that it was error to permit Bezler and Fryer, witnesses for plaintiff, to express the opinion that defendant failed to take proper care in building the brush fire on defendant's ground, under the conditions then existing. Defendant cites Graham et al. v. Pennsylvania Co., 139 Pa. 149, 159. We do not quarrel with the principle that "whenever the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible."

But the circumstances of this fire are not ordinary. It was not a fire of autumn leaves in a city gutter, or a fire within a dwelling, or even in a farmer's field without unusual circumstances. Plaintiff and defendant own adjacent tracts of land, sloping downward in the direction from plaintiff's to defendant's land. Four and one half acres of plaintiff's land, adjacent to defendant's, were planted with a forest of evergreen trees, planted from 5 to 6 feet apart, and ranging in height from 30 inches to 5 feet, with considerable high grass growing between the trees. Defendant's land, for about 100 feet below plaintiff's, is a former woodland, and contains some trees, stone, and a little underbrush. There was on it also a considerable quantity of dead leaves which had been massed by the wind, close to plaintiff's property. Next below this strip of former woodland, defendant had an open field formerly planted to corn. A short distance into the field was a brush pile, about a 100 feet or a little more from plaintiff's property, lying close to defendant's woodland and partly on it. The ground around the pile was clear, and there was a clear track used for driving around it.

On the morning of April 19, 1935, defendant went out

with his men to clear up the brush, but left before they started the fire. They subsequently fired the brush pile and another one 25 feet farther into the field. There had been no rain for two days. The brush and the surface leaves were dry. The men had shovels but no buckets of water. The nearest water was between 200 and 300 feet away. There were some discarded buckets on a rubbish dump nearby, one of which leaked. Evergreen trees such as those of plaintiff burn up almost immediately, "almost quicker than you can see," "like an explosion," according to the testimony. Under the conditions, involving the proximity of an evergreen plantation 100 feet above the brush piles, the proper precautions in firing the brush would appear to be a matter beyond the ken or experience of the average man and suited to elucidation by the opinion evidence of a specially qualified person.

In Krippner v. Biebl, 28 Minn. 139, 142, 9 N. W. 671 (1881):

"A material question of fact, for the determination of the jury, was whether the precautions taken by the defendant to prevent the spreading of the fire were such as common prudence required. This would depend upon the existing conditions in respect to the wind, and the dryness of the vegetation upon the ground, with which the witness was acquainted, and upon the fact as to how far, under such conditions, a fire in the stubble might be carried in the air, or 'jump,' as it is expressively termed. As to this latter fact, we think it is not one of common knowledge, concerning which it could be presumed that the jury could form a judgment as well as a witness, who, from actual experience, had become capable of judging with some degree of accuracy. We cannot assume that the jurors were all farmers, or that they were possessed of knowledge or experience upon the subject."

. . . . . . . .

And now, to wit, December 7, 1936, the rule for a new trial is dismissed.