KENNETH HAHN v. DIAMOND IRON WORKS, INC.[1]

November 30, 1945.

No. 34,050.

[1]Reported in 20 N. W. (2d) 704.

34

W. L. *Lindsten* and *Bauers & Carlson,* for appellant.

*Faegre & Benson, Paul J. McGough,* and *John A. McEachron, Jr.,* for respondent.

LORING, CHIEF JUSTICE.

This is a personal injury case, here on appeal from an order denying a motion for a new trial after a verdict for defendant.

Plaintiff, Kenneth Hahn, aged 37, was injured in a fall suffered while leaving defendant's premises at its main entrance which was protected by a storm shed. He entered defendant's premises, located at the intersection of Eighteenth avenue north and Second street, Minneapolis, about five p. m., December 30, 1942.

Before the entrance to the building on the Second street side, defendant had constructed a step 7-7/8 by 13 inches wide, and over this step there was a storm shed approximately 5 feet wide, 6½ feet long, and 8 feet high. There was no light burning in the shed when plaintiff entered, or later. A window in the door of the shed opened upon the street itself. The offices of defendant were separated from the storm shed by a door. Plaintiff entered the building through this storm shed to have a conference with a Mr. Swarthout in regard to employment with defendant. After 45 minutes the interview terminated, and plaintiff started to leave the building. He walked out of the business offices toward the main entrance and through the door into the storm shed, where, he said, "my feet went through the air and I fell down, * * *." His leg was broken.

There is dispute in the evidence as to whether Mr. Swarthout accompanied him and as to what was said at the immediate scene of the accident. Mr. Swarthout did not testify, because he was in the United States Navy in the South Pacific. There was considerable evidence that defendant's inner offices were brightly lighted the evening of the accident and that the light projected into the shed as the door opened.

The basis of plaintiff's claim was negligence on the part of the company in the construction of the step and the general lighting conditions in the storm shed. The case was tried on this theory, and both counsel rested their cases. The next morning, when the court reconvened, plaintiff's counsel made a motion to reopen the case in order to introduce the city building ordinance dealing with obstructions on public property, his contention being that defendant had violated it and consequently was guilty of negligence as a matter of law. Counsel for defendant objected to the introduction of the ordinance on the basis of immateriality. The objection was sustained. The court instructed the jury that, as far as they were concerned, it made no difference whether the storm shed was on or off public property. The principal question presented for decision is whether this ruling was correct.

■ The city ordinance was properly excluded on the basis of immateriality. The fall that caused the injury to plaintiff was from the step within the storm-shed structure itself. The fact that the shed may have been on public property, as the trial court said, had no causal connection between the alleged violation of the ordinance and the accident to plaintiff. Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543, 12 A. S. R. 698. Plaintiff was not within the class of persons the statute sought to protect; that is, those passing on the public highway. This case is clearly to be distinguished from Flaherty v. G. N. Ry. Co. 218 Minn. 488, 16 N. W. (2d) 553, where causal connection was shown. Furthermore, there is no competent evidence in the record to show that the storm shed was on the public highway. While a motion to reopen a case is within the discretion of the trial court, the ordinance was im-

material, and consequently there was no abuse of discretion. Fletcher v. Byers, 55 Minn. 419, 57 N. W. 139. The above rule applies to the similar state statute as well as to the ordinance. Therefore the issues in the case became simply those of negligence.

■ The evidence was in conflict on both the issues of negligence and contributory negligence and was properly submitted to the jury, whose verdict was for defendant.

■ Since the verdict was for defendant, the question whether certain hospital records were properly admitted had no relevancy to the questions of negligence or contributory negligence, on which the case turned. We therefore do not pass upon that question. To do so would be *obiter dictum.*

■ Plaintiff asserted that it was error to exclude the testimony of an expert who was to testify as to the lighting conditions in the shed, the construction of the step, and whether there should have been a warning sign posted at the entrance. We think that the court in its discretion might well determine that the jury was as capable to decide these matters as the expert. Lestico v. Kuehner, 204 Minn. 125, 132, 283 N. W. 122, 126. This conforms to, rather than conflicts with, the rule as to expert testimony laid down and long adhered to by this court in Krippner v. Biebl, 28 Minn. 139, 9 N. W. 671.

Ordered affirmed.