WALTON, by Guardian *ad litem,* Plaintiff, vs. BLAUERT and others, Defendants. [Two appeals.] *

*November 29—December 30, 1949.*

* Motion for rehearing denied, with $25 costs, on March 7, 1950.

126

For the defendants-appellants Le Roy W. Olp and Home Mutual Casualty Company there were briefs by *Byrne, Bubolz & Spanagel* of Appleton, and oral argument by *Robert Spanagel.*

For the defendants-appellants Jerome A. Vande Wall and American Indemnity Company there were briefs by *Bie, Welsh, Trowbridge & Wilmer,* and oral argument by *Lloyd J. Planert,* all of Green Bay.

For the defendants-respondents Victor Blauert and Cooperative Mutual Insurance Company there were briefs by *Bradford, Derber & Gabert* of Appleton, and oral argument by *Stanley Gabert.*

BROADFOOT, J. On September 20, 1947, Le Roy W. Olp and Jerome A. Vande Wall planned to attend a dance near Green Bay. By arrangement they met at Carter's Club on Highway 32, north of Morrison, Wisconsin. They parked and left Olp's car there and continued to the dance in Vande Wall's car. At about 1:15 o'clock on the morning of September 21st, they returned to Carter's Club. Olp's car would not start. It had been and was raining. Vande Wall placed the front bumper of his car against the front bumper of the Olp car and pushed it from the parking lot onto the highway. Olp steered his car to the north and came to a stop facing south on the easterly side of the highway. Vande Wall backed his car to a point from six to ten feet in front of the Olp car, then reached into the rear of his car to get a tow chain so that he could tow the Olp car until it would start. The headlights of both cars were on.

At this time Victor Blauert drove his car from the south, but for some reason did not see the lights until he was between twenty and forty-five feet from the Vande Wall car, and crashed head on into the front end of said car, causing the latter car to strike that of Olp. Blauert had a clear view of the highway for a distance of a thousand feet or more, south of the place of the collision.

The jury, by special verdict, found Blauert causally negligent as to speed, lookout, and management and control of his automobile. Vande Wall and Olp were each found to be causally negligent with respect to parking or stopping his car without leaving a clear and unobstructed width of fifteen feet on the concrete roadway opposite his car for the free passage of other vehicles thereon. The jury further found that Vande Wall had his headlights on.

The principal contentions of the appellants are that their negligence in stopping their cars as they did was not the cause of plaintiff's injuries, but that Blauert's negligence as to speed, lookout, and management and control was an intervening and superseding cause. In the case of *Schultz v. Brogan*, 251 Wis. 390, 393, 29 N. W. (2d) 719, this court, in considering the question of causal negligence, stated:

"It is generally held, (1) that cause in the purely philosophic sense is not what the courts are searching for in negligence cases, Restatement, 2 Torts, sec. 431; (2) that defendant's negligence must have made a substantial contribution to the accident or injury, *Osborne v. Montgomery*, 203 Wis. 223, 234 N. W. 372; (3) that if the contribution is substantial, it need not be the sole physical cause but may produce the injury in combination with negligent acts of others, *Butts v. Ward*, 227 Wis. 387, 279 N. W. 6; *Felix v. Soderberg*, 207 Wis. 76, 240 N. W. 836; (4) even if it is established that the negligence substantially contributed to the injury certain policy factors may prevent it from constituting legal cause, *Osborne v. Montgomery, supra.* In Restatement, 2 Torts, sec. 431, it is said:

"The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so

insignificant that no ordinary mind would think of them as causes.

"Obviously the first inquiry in every case is whether defendant's acts had any substantial effect in producing the accident or injury. As pointed out in *Osborne v. Montgomery, supra,* this is ordinarily a question of fact if the evidence is conflicting or if different inferences can be drawn from it. If it is determined that defendant's negligence did not make a substantial contribution to the injury that closes the inquiry and no consideration of policy factors is called for. It is only when the substantial character of the contribution is established that a question can arise whether defendant is to be relieved from an ultimate finding of cause by some policy factor delimiting legal cause."

In this case the defendant Blauert testified that as he approached the scene of the accident from the south he had a clear view ahead of him for a distance of approximately twelve hundred feet; that he was going about fifty miles per hour; that he did not see the headlights of the Vande Wall car until he was from twenty to forty-five feet in front of them; that he did not apply his brakes; that he did not turn either to the right or to the left to avoid the collision; and that if he had seen the headlights when he was a hundred feet from them he could have safely turned to the left and passed the Vande Wall car. Thus, although the defendants Vande Wall and Olp were negligent in stopping their cars as they did, so far as clearance is concerned there was room for Blauert to pass. Had there been a legal clearance to the left of the cars the accident would still have happened.

It might be argued that the case of *Schultz v. Brogan, supra,* does not apply here because in that case the cars were standing upon their own side of the highway. However, in the case of *Guderyon v. Wisconsin Telephone Co.* 240 Wis. 215, 2 N. W. (2d) 242, the car with which plaintiff collided was not only parked in such a way as to leave insufficient clearance but it was parked on the wrong

side of the road. This court there held that parking on the left-hand side of the road made no contribution whatever to the happening of the accident. It follows that the finding of the jury that the negligence of the defendants Vande Wall and Olp was a cause of the collision must be set aside as unsupported by the evidence. The negligence of the defendant Blauert was an intervening cause and was the sole proximate cause of the accident.

In addition to the recovery for the plaintiff, the judgment provided for recovery by the defendant Olp upon his cross complaint against the defendants Blauert and Co-operative Mutual Insurance Company for seventy per cent of his damages as found by the jury. Upon his cross complaint Olp was represented by personal attorneys and not by those appearing on other issues for both Olp and his insurance carrier. His personal attorneys did not appeal. The notice of appeal by the attorneys for the Home Mutual Casualty Company reads as follows:

"Please take notice that the defendants, Le Roy W. Olp and Home Mutual Casualty Company, hereby appeal to the supreme court of the state of Wisconsin from so much of the judgment herein dated February 14, 1949, in favor of the plaintiff and against the defendants for the sum of $2,344.48 damages and costs as adjudges recovery in favor of the plaintiff and against the said defendants, Le Roy W. Olp and Home Mutual Casualty Company, and from so much of such judgment as is, or may be, adverse to said defendants, Le Roy W. Olp and Home Mutual Casualty Company."

This appeal cannot be construed to cover that part of the judgment awarding damages and costs to Olp on his cross complaint, and that part of the judgment is not, therefore, disturbed. Notices of appeal, especially when from part of a judgment only, must be specific.

*By the Court.*—The judgment in so far as it provides that the plaintiff recover of the defendants Vande Wall,

American Indemnity Company, Le Roy W. Olp, and Home Mutual Casualty Company, or for any contribution from them by the defendants Blauert and Co-operative Mutual Insurance Company is reversed.