RETZLAFF and wife, Appellants, vs. SOMAN HOME FURNISHINGS and another, Respondents.

*January 9—February 5, 1952.*

616

For the appellants there were briefs by *Allan Cain* of Kaukauna, attorney, and *Benton, Bosser, Becker, Parnell & Fulton* of Appleton of counsel, and oral argument by *Mr. David L. Fulton* and *Mr. Cain*.

For the respondents there was a brief by *O'Leary, Joyce & Remley* of Neenah, and oral argument by *E. C. Joyce*.

FAIRCHILD, J. The controlling question presented on this appeal is as to the correctness of the ruling of the trial court in changing the answer relating to the negligence of the defendant as a proximate cause of the collision from "Yes" to "No." That question read in part: "Was such negligence on the part of the driver of the hearse . . . a proximate cause of the collision in question?"

The distance between the point where the hearse stopped and the point where the Otto Retzlaff car was being oper-

ated, when considered with the intervening incidents, so effectively breaks any line of cause flowing from the act of the driver of the hearse as to leave the operation of the Otto Retzlaff car the sole cause of the injury to Martha Retzlaff. The rules of the road with relation to distance between vehicles is to the effect that the operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. Sec. 85.32 (1), Stats. 1949. The cars were moving in a funeral procession. Otto Retzlaff's car was the fourth car in line. The hazardous condition of the highway resulted from a storm which was apparent to all. Otto Retzlaff testified: "When I attempted to turn to my left I was maybe pretty close to one hundred feet behind the Giese car [the third car in line]. . . . I turned to the left to go by because I knew I couldn't stop. That is why I turned left. I didn't want to hit him. . . . I was going downhill. I had the brakes on. The grade was the same for the hearse and Giese and William as it was for me. . . . We were all traveling on the same kind of surface and the road was just as slippery for them as it was for me."

There can be no question but that Otto Retzlaff did not comply with the rules of the road so far as they relate to distance between vehicles and following too closely under the conditions then and there existing. The jury found him negligent with respect to lookout, with respect to management and control, and held that "these two acts of negligence [were] causal."

The trial court concluded that the fact that the driver of the hearse was guilty of negligence in stopping his hearse where he did "does not of itself establish the right to recovery on the part of the plaintiff, Martha Retzlaff." That conclusion followed from the fact that the "original negligent

act on the part of the driver of the hearse, in stopping where he did, did not substantially contribute to cause the collision in question and the resultant injury to Martha Retzlaff." The trial judge said:

"It appears in this case that after the defendant's hearse stopped on the highway, car No. 2 came to a complete stop; that car No. 3 came to a complete stop; that car No. 4, driven by Otto Retzlaff, crashed into car No. 3, causing injury to the occupants of car No. 3 and also causing injury to his wife, Martha Retzlaff, his guest; and it also appears to be undisputed that car No. 5, immediately following car No. 4, came to a complete stop without in any way contacting car No. 4.

"The testimony shows, without serious dispute, that there was in fact ample room for cars to pass to the left of car No. 3. In fact the evidence shows that cars did pass the funeral procession to the left thereof, thus establishing conclusively that there was ample space to pass this funeral procession at the time the collision took place.

"It seems to this court that there was an intervening cause here for which the defendants, Soman Home Furnishings and Royal Indemnity Insurance Company, are not responsible. This intervening cause was the sole cause of this collision between cars No. 4 and No. 3." In support of his conclusion he cited *Walton v. Blauert,* 256 Wis. 125, 40 N. W. (2d) 545; *Cole v. Phephles,* 241 Wis. 155, 5 N. W. (2d) 755.

We are of the opinion that the trial court properly set aside the answer to question 2 of the special verdict on the grounds that the stopping of the hearse on the highway under the circumstances then and there present was not a proximate cause of the collision in question. *Cole v. Phephles, supra; Hoffmann v. Krause,* 247 Wis. 565, 20 N. W. (2d) 546; *Walton v. Blauert, supra; Schultz v.*

*Brogan,* 251 Wis. 390, 393, 29 N. W. (2d) 719. In the latter case, it was said: "(1) That cause in the purely philosophic sense is not what the courts are searching for in negligence cases, Restatement, 2 Torts, sec. 431; (2) that defendant's negligence must have made a substantial contribution to the accident or injury. . . ." In the Restatement referred to, it is said (p. 1159, sec. 431, comment *a*): "The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes."

We are of the opinion that the failure of the driver of the hearse to have a clearance to his north measuring up to the limits fixed by statute had no effect whatever upon the management of Otto Retzlaff's car back several hundred feet from the place where the hearse stopped.

In view of the conclusion reached, we have left aside the technical questions with relation to the notice of appeal, the case having been fully argued on the merits by consent of the parties.

*By the Court.*—Judgment affirmed.