## CHARLES COOK AND ANOTHER v. ALLEN PERSON AND ANOTHER.
### GORDON LUND, RESPONDENT.[1]

January 13, 1956.

No. 36,526.

---

[1]Reported in 74 N. W. (2d) 389.

120

*Robins, Davis & Lyons, Harding A. Orren,* and *Stanley Nemer,* for appellants Cook.

*Gislason, Reim & Minium,* for appellant Person.

*Richards, Janes, Hoke, Montgomery & Cobb* and *Greer E. Lockhart,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order setting aside a verdict against defendant Gordon Lund and granting judgment in his favor. The action was instituted against Gordon Lund and Allen Person by Charles Cook on his own behalf for medical expenses and special damages and on behalf of his daughter Gertrude Irene Cook for injuries sustained by her as the result of an automobile accident which took place shortly after midnight on February 21, 1954, on U. S. Highway No. 12 east of Litchfield.

At the time of the accident Gertrude Cook was 15 years of age and a passenger in a Nash automobile then being driven by Gordon Lund and traveling in an easterly direction in the south lane of the highway described. The accident occurred when a Chevrolet sedan traveling west on the same highway and driven by its owner Allen Person turned into the south lane in an attempt to pass several cars preceding it and in consequence crashed head on into the Lund car.

In the action which followed, a verdict in the sum of $11,250 was returned against both Lund and Person. As indicated above, the court subsequently set this aside insofar as it related to Lund.

This appeal is taken by plaintiffs and by defendant Person. It is their contention that evidence as to the speed at which Lund was traveling was such as to raise an issue of fact as to his negligence being a proximate cause of the accident.

The evidence viewed in the light most favorable to the plaintiff establishes the following: At the place of the accident the highway extends in a general easterly and westerly direction. It is paved, straight and level, approximately 20 feet in width, and there are shoulders on both its sides of sufficient width to accommodate an automobile. Early in the evening there had been some rain and snow, but at the time of the accident the weather had cleared and visibility was good. At intervals the highway still had snow thereon and was somewhat slippery, but photographs submitted indicate that this condition did not prevail near the place of the collision.

As defendant Lund proceeded easterly toward the Twin Cities, the highway was clear of eastbound traffic. On the other hand, there were a substantial number of cars proceeding westerly, and in consequence, Lund drove with his lights at low beam and maintained a speed of from 45 to 50 miles per hour. Shortly before the accident he observed a procession of from three to five cars approaching him from the opposite direction traveling on the north lane of the highway. It subsequently developed that the car of Person was the last in this line. Lund submitted testimony that, when he was about 125 feet from the Person car, it suddenly pulled out of the line and turned directly into the south lane; that this movement was made so rapidly that he was not aware of it in time to respond before Person's car was directly "on top" of him; and that he remembered nothing further. Tire marks of his car observed shortly after the accident indicate that he had applied his brakes for a distance of at least 50 feet before the impact and that he had attempted to turn onto the right shoulder directly before the crash.

Evidence was submitted that Person had been consuming intoxicants, while blood tests to which Lund submitted established that Lund was not intoxicated. Testimony was submitted to the effect

that shortly after the accident Lund had stated to Mr. Herbert L. Peterson, a shorthand reporter, that the night of the accident "was a miserable night"; that it had rained and snowed and that there was snow and slush on the highway; and that he had first estimated the distance between his car and the Person car when it turned into his lane as about 200 feet. The driver of one of the cars driven westerly in front of the Person car estimated that Lund's car was from 200 to 300 feet west of Person's car when the latter turned into the south lane.

There was substantial testimony from several witnesses that Person's act in turning into the south lane had been so sudden and unexpected as to make it impossible for Lund to take any further precautions than those indicated. On appeal it is contended that the evidence presented a fact issue as to the negligence of Gordon Lund as a proximate cause of the collision.

■ The principal issue for determination here is whether, under the circumstances described, a speed of 45 to 50 miles per hour admitted to by Gordon Lund presented a fact issue as to his negligence, and if such negligence were established, whether it was a proximate cause of the accident. The governing rule for determining the extent to which liability will be extended once a negligent act is determined to be a cause-in-fact of any injury is set forth in Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641, as follows:

"* * * if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow."

See, also, Mickelson v. Kernkamp, 230 Minn. 448, 42 N. W. (2d) 18; Rivera v. Mandsager, 228 Minn. 227, 36 N. W. (2d) 700; Seward v. Minneapolis St. Ry. Co. 222 Minn. 454, 25 N. W. (2d) 221.

■ With this principle in mind, we have frequently determined that the speed of an automobile involved in an accident may not be a cause-in-fact of an injury and hence as a matter of law not the proximate cause thereof when the accident was not the result of such speed. Wilmes v. Mihelich, 223 Minn. 139, 25 N. W. (2d) 833; Draxton v. Katzmarek, 203 Minn. 161, 280 N. W. 288; Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481.

Applying the rule thus expressed to the instant case leads to the conclusion that Lund's speed could not have been a proximate cause of the accident. Even accepting the testimony of those witnesses most adverse to his cause as to the distance between the cars when the Person car first turned into his lane, he was left only about three seconds to determine his course. It is obvious therefrom that this sudden and unexpected action on the part of Person would have resulted in the collision, even had Lund been then traveling at a speed substantially less than that conceded. In Cosgrove v. McGonagle, 196 Minn. 6, 13, 264 N. W. 134, 137, which involved a similar situation and like contentions as to speed, we stated:

"* * * Rather, it seems clear that this entire difficulty arose from the fact that the Peerless driver suddenly swerved out of his traffic lane at a point where he did not have the opportunity of seeing what was approaching from the other direction. He had no business so doing. Thereby, as a matter of common knowledge of every automobile driver, hazards are created likely to lead to disastrous results. It seems very clear that the accident occurred because, and only because, of the negligence of the driver of the Peerless car."

Based upon the foregoing, we conclude that Lund's speed must be ruled out as a proximate cause of the accident and that the trial court was correct in so holding.

■ It is also contended that Lund should have turned off onto the south shoulder when he first saw the Person car in his lane. We do not find merit in this contention. Until the contrary ap-

peared, Lund had a right to assume that vehicles using the highway and approaching him from the opposite direction would remain in their proper lane. Stedman v. Norlin, 243 Minn. 389, 68 N. W. (2d) 393. In the seconds remaining between the time Person turned into his lane and the impact, he managed to apply his brakes for a distance of from 40 to 50 feet, and some testimony suggests he also may have attempted to turn toward the south shoulder of the pavement. We are of the opinion that, in the emergency thus created by Person, Lund acted as any reasonably prudent person would react under the circumstances. Johnson v. Townsend, 195 Minn. 107, 261 N. W. 859.

We hold that the trial court was correct in setting aside the verdict against him and ordering judgment in his favor notwithstanding it.

Affirmed.

