# PAUL PLUWAK v. ERNEST T. LINDBERG.

130 N. W. (2d) 134.

July 3, 1964—No. 39,206.

*Daniel B. Gallagher,* for appellant.

*Tyrrell, Jardine, Logan & O'Brien* and *Raymond W. Fitch,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the trial court denying plaintiff's motion for an amendment of the jury's special verdict and the entry of judgment in his favor or for a new trial.

The action arose out of a rear-end collision. On November 10, 1961, at about 5:20 p. m., plaintiff and defendant were driving their cars north on Highway No. 65. It was then dark and they were driving with lights on. The pavement of the highway was dry. Both parties estimate their speed at about 50 miles per hour. As plaintiff proceeded north ahead of defendant, he noticed a car approaching from the opposite direction, which appeared to be standing in the southbound lane with its left-turn signal lights blinking. He was about 500 feet from this car when he first noticed it. His own testimony as to what he then did is as follows:

"A.   *  *  *  I was driving from south towards north, approximately—I was approximately about—and I saw probably approximately 500 feet, a car standing here, going this way.

"Q.   *  *  *  Was that car stopped?

526

"A. Stopped. Stopped, blinking, with the left—with his left light, headlight blinking to make a left turn. So I became precautious. I took precautious measures as far as I took off from the acceleration because I didn't know what he would do when I was approaching at approximately 150 miles—

"Q. You mean feet?

"A. Feet, excuse me. 150 feet, and I saw he just started to turn, moving slowly across my lane. There was no signs, lights, nothing. I mean the signs—signals.

"Q. Did you apply your brakes then?

"A. At that time I applied as strong as I could possibly, you know, to avoid a collision with the car standing just ahead of me across my lane and when I applied, with about a second, a matter of a second I felt a strong vehement bump and shake, and I was knocked unconscious. I didn't know what happened with me."

On cross-examination, he testified:

"Q. * * * In other words, when you were just a little bit more than 150 feet away from Trupiano and the driveway, you thought he was going to wait for you to go by, isn't that true?

"A. He was obliged to wait.

"Q. All right.

"A. And I thought—

"Q. You thought he would obey the law?

"A. Yes.

"Q. All right. And then when you were approximately 150 feet away he started his turn and you then applied your brakes for the first time?

"A. For the first time.

"Q. And you applied them hard, correct?

"A. Yes, as hard as I could.

"Q. You had power brakes on your car?

"A. Yes, I did.

"Q. And you applied your brakes as hard as you could to try to bring your car to a stop?

"A. To stop.

* * * * *

"Q.  * * * And is it correct that you brought your vehicle—you reduced your speed suddenly as you were proceeding along so as not to collide with Trupiano making his turn?

"A.  Yes.

"Q.  In front of you?

"A.  That was the reason—

"Q.  All right. As a matter of fact, you chose not to collide with him?

"A.  Yes.

"Q.  And with him turning in front of you, you had to slam on your brakes as quick as you could?

"A.  Yes.

"Q.  And as hard as you could?

"A.  Yes.

"Q.  And try to bring your car to a stop?

"A.  Yes."

The car approaching from the north which turned in front of plaintiff's automobile was driven by one Trupiano. It turned left into a private driveway of a trailer court. There was nothing on the highway to indicate such driveway except the driveway itself. Plaintiff did not join Trupiano as a defendant in this action. Defendant attempted to bring him in as a third-party defendant but apparently was unsuccessful in perfecting service upon him so the case was dismissed as to Trupiano. He was not called as a witness at the trial.

Plaintiff's car was equipped with power brakes; defendant's was not. Defendant testified that he did not see plaintiff until he noticed the brake lights go on, and he was then 100 feet behind him. He attempted to stop his car but was unable to do so before colliding with plaintiff. Neither car collided with Trupiano, who had managed to enter the driveway before the collision. The collision occurred when plaintiff was some 15 to 30 feet south of the driveway. Plaintiff's car left skid marks of 38 feet and defendant's car, 50 feet, according to a highway patrolman who investigated the accident shortly after it occurred.

The case was submitted to the jury on a special verdict. The jury found that plaintiff was not guilty of negligence. It found defendant

was guilty of negligence but that his negligence was not a proximate cause of the accident. The main question here is whether defendant's negligence was a proximate cause as a matter of law.

Plaintiff contends that Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585, is controlling. The facts of that case are not at all similar to those now before us. In that case, Haugen was driving north and defendant Schlimme was driving west on county highways of equal importance, and they collided in an intersection where neither highway was controlled by stop signs. Schlimme had the directional right-of-way. The jury found that Schlimme was guilty of negligence which was a proximate cause of the collision and that Haugen was guilty of negligence but that his negligence was not a proximate cause. The trial court granted judgment against Haugen notwithstanding the verdict, and we affirmed. Haugen's defense was that he had not seen the Schlimme car although he had every opportunity to do so. We said (253 Minn. 206, 91 N. W. [2d] 590):

"It appears from an examination of the record that both cars entered the intersection almost simultaneously, which compels the conclusion that the failure of Haugen to maintain a proper lookout and to yield the right-of-way was as much a cause of the accident as the speed of the Schlimme car. * * *

* * * * * *

"* * * Not only was Haugen familiar with the intersection, but he should have given more than normal attention to it in view of the fact that vehicles approaching from the right had the right-of-way.

* * * * *

"We think the trial court was right in coming to the conclusion that Haugen's failure to maintain a proper lookout and yield the right-of-way contributed to the accident, irrespective of the speed of the Schlimme vehicle."

It is evident that in that case a reasonable person could only conclude that the failure to maintain a lookout led to Haugen's failure to yield the right-of-way and, as such, directly contributed to the collision.

■ Proximate cause, like negligence and contributory negligence,

is a fact question which ordinarily must be left to the jury, and we have frequently said that it is only where different minds can reasonably arrive at only one result that fact issues become questions of law.[1]

■ Even where there is a finding of negligence, proximate cause usually presents a jury issue.[2] Infrequently cases do arise where a person's negligence is of such a nature that proximate cause becomes a question of law.[3] Cases also arise where negligence is not the proximate cause.[4]

■ The principal difficulty in this case arises from the fact that the jury found defendant negligent but that his negligence was not a proximate cause. At the same time it found that plaintiff was not negligent. In view of these findings, the jury's negative answer as to whether defendant's negligence was a proximate cause must have been based either on its determination that Trupiano's negligence was the sole proximate cause of the collision or that Trupiano's negligence was an intervening cause insulating the negligence of defendant.

Both plaintiff and defendant had a right to assume that Trupiano would observe the law until the contrary became evident.[5]

---

[1]Ferguson v. Kehoe, 245 Minn. 46, 71 N. W. (2d) 168; Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Brittain v. City of Minneapolis, 250 Minn. 376, 84 N. W. (2d) 646.

[2]Ferguson v. Kehoe, *supra.*

[3]Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585; Willner v. Wallinder Sash & Door Co. 224 Minn. 361, 28 N. W. (2d) 682.

[4]Cook v. Person, 246 Minn. 119, 74 N. W. (2d) 389 (speed held not to be proximate cause as a matter of law); Ondrachek v. Kettner, 256 Minn. 297, 98 N. W. (2d) 91 (car crossing centerline in violation of statute held not to be proximate cause when car following collided with standing car waiting to make left turn); Sims v. Hallett Const. Co. 247 Minn. 339, 77 N. W. (2d) 54 (negligence of third car in line superseded flagman's negligence in stopping line of cars). See, also, Benson v. Hoenig, 228 Minn. 412, 37 N. W. (2d) 422.

[5]Minn. St. 169.19, as far as here material, reads:

"Subd. 4. No person shall turn a vehicle * * * to enter a private road or driveway or otherwise turn a vehicle from a direct course or

Defendant also had a right to assume that plaintiff would observe the law with respect to stopping or suddenly decreasing his speed.[6]

The drivers of automobiles traveling in the same direction owe reciprocal duties to each other. In Ryan v. Griffin, 241 Minn. 91, 94, 62 N. W. (2d) 504, 507, we said:

"* * * There are reciprocal duties on the part of the driver of a leading automobile and the driver of the car following. Each must exercise due care, must keep his vehicle under reasonable control, must drive at a speed which is reasonable and proper under the circumstances, must give due regard to the rights of the other, and in general must so operate his automobile as to avoid unnecessary collision with the other. The driver of a leading automobile has no absolute legal right superior to the driver of the car following. The leading driver must exercise due care not to swerve, slow up, or stop without adequate warning of his intention to do so to the driver of the car following. The driver of the car following must exercise due care to avoid collision with the leading automobile. Just how close an automobile may be followed and what precautions a driver must take in the exercise of due care to avoid colliding with the automobile ahead and just what warnings the driver of the leading automobile must give in the exercise of due care before swerving, slowing up, or stopping cannot be stated in a fixed rule. In each case, except where reasonable minds may not differ, what due care requires and whether it has been exercised is for the jury."

_____

move right or left upon a highway unless and until the movement can be made with reasonable safety, and then only * * * after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by the movement.

"Subd. 5. A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

[6]Section 169.19, subd. 6, reads: "No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear unless there is a good and sufficient reason for not being able to do so."

The same rule applies in determining whether negligence constitutes a proximate cause.[7]

It seems that the only basis for the jury's finding that plaintiff was not negligent and defendant was would be that defendant's negligence consisted only of his failure to observe plaintiff before plaintiff suddenly applied his brakes. Negligence of both must rest on foreseeability that Trupiano would proceed to make a left turn in violation of the statute. Plaintiff had a much better opportunity to observe Trupiano than defendant did. If plaintiff had foreseen that Trupiano would likely turn in front of him, he should have slowed down and given defendant warning in time to permit defendant to stop. The jury could easily have concluded that both exercised the same effort to stop but that the difference in ability to accomplish it was attributable to the fact that plaintiff had power brakes and defendant did not.

The main thrust of plaintiff's argument is that the act of Trupiano could not be held to be an intervening cause because it was foreseeable. With respect to intervening cause, we said in Strobel v. Chicago, R. I. & P. R. Co. 255 Minn. 201, 208, 96 N. W. (2d) 195, 201:

"* * * intervening cause is a proximate cause concept with the result that if plaintiff's actions constitute the sole cause (i. e., intervening), defendant's negligence can of course not be a proximate cause of the injury. * * *

"* * * intervening cause comes into operation following the original negligent act. Secondly, to insulate defendant's original negligence the intervening cause generally cannot be reasonably foreseeable. Only when there might be a reasonable difference of opinion regarding the foreseeability of the intervening act should the question of intervening cause be submitted to the jury."[8]

---

[7]See, Benson v. Hoenig, 228 Minn. 412, 37 N. W. (2d) 422; Sims v. Hallett Const. Co. 247 Minn. 339, 77 N. W. (2d) 54; Cook v. Person, 246 Minn. 119, 74 N. W. (2d) 389; Ondrachek v. Kettner, 256 Minn. 297, 98 N. W. (2d) 91; Teas v. Minneapolis St. Ry. Co. 244 Minn. 427, 70 N. W. (2d) 358.

[8]See, also, Prosser, Torts (2 ed.) § 49.

Clearly, there could be a difference of opinion as to whether defendant ought to have foreseen the movement of Trupiano, which even plaintiff did not expect. Inasmuch as plaintiff was absolved of negligence because the act of Trupiano was not foreseeable, the jury could find that Trupiano's move was an intervening cause as to defendant for the same reason. What was unforeseeable to plaintiff was likewise unforeseeable to defendant.

There seems little excuse for rear-end collisions on a highway, but it cannot be said as a matter of law that all rear-end collisions are the fault of the following car. While failure to seasonably observe what is ahead of you may in a proper case establish liability, cases will arise where an accident will occur in which the failure to observe a lead car is not the proximate cause of a collision. We think this is such a case. At least, the jury could find that, in spite of defendant's negligence in failing to observe plaintiff's car ahead of him, such negligence was not the proximate cause of the accident because it would have occurred even if he had observed plaintiff, in view of the unexpected move of Trupiano. At the least, it was a jury question, and the court properly submitted it to the jury.

The facts of this case are not too unlike those in Kuether v. Locke, 261 Minn. 41, 110 N. W. (2d) 539, where the driver of the lead automobile suddenly stopped in order to avoid running over a dog and was struck in the rear by defendant. While that case involved the question of whether defendant was guilty of negligence as a matter of law rather than whether his determined negligence was a proximate cause, the issues involving foreseeability are similar to those involved here. We there said (261 Minn. 51, 110 N. W. [2d] 546):

"* * * It was plaintiff's duty to determine what effect a sudden stop would have on other traffic, and she obviously could not make this decision without determining whether there were cars to the rear. On a well-traveled highway it is reasonable to assume that other automobiles may be following in line, and the jury had a right to consider whether under the circumstances of this case prudence required plaintiff to glance at her rearview mirror before coming to a sudden stop."

We held that it was for the jury to determine whether under the cir-

cumstances defendant was guilty of negligence. To be sure, there is a difference between running over a dog in order to avoid a rear-end collision and running into another automobile, but on the issue of notice given to the following car and foreseeability that a sudden stop would be necessary the cases are quite analogous.

■ Plaintiff also complains about the court's instructions regarding proximate cause. In explaining the contentions of the parties, the court said:

"* * * Plaintiff, Pluwak, claims that the defendant, Lindberg, was negligent at the time in question in the operation of his car and that such negligence was *the* proximate cause of the accident and the resultant injuries and damages sustained by the plaintiff." (Italics supplied.)

Plaintiff contends that use of the word "the" was confusing in that it left the jury with the impression that the negligence of Lindberg would have to be the sole cause of the accident before recovery could be had against him, whereas the correct rule is that, if his concurrent negligence proximately contributed to the collision, liability would follow.

In the first place, the statement as used was essentially correct. The court at this point was simply stating to the jury what plaintiff claimed the facts to be. Plaintiff did not join Trupiano as a defendant and apparently has never contended that he was responsible for the collision. However, in its instructions to the jury on the law as contrasted to what plaintiff claims the facts to be, the court informed the jury several times that the concurrent negligence of defendant and Trupiano could lead to liability if each constituted a contributing cause. It is true that the word "a" in a definition of proximate cause, where more than one party can be involved in responsibility for a given result, would be better than use of the word "the." However, we have so frequently said that an instruction must be read as a whole and cannot be tested by a process of dissection that we need not cite any authority for that proposition. Here, in connection with the instructions dealing with the special verdict, the court informed the jury that the concurrent negligence of Lindberg, if a proximate cause, would be sufficient to warrant

recovery against him. For instance, the court said in explaining the answer to the second question:

"* * * If you find that the negligence of the defendant Lindberg was alone the proximate cause of said accident, then you will answer Question No. 2 yes. Or if you find that the negligence of the defendant Lindberg concurred with the negligence, if any, of the third party Trupiano so as to be the proximate cause of said accident, then, too, you will answer this question No. 2 yes. If, however, you do not find that the negligence of the defendant Lindberg was alone the proximate cause of said accident or that his negligence, if any, did not concur with the negligence, if any, of the third party Trupiano so as to be the proximate cause of said accident, then you will answer this question No. 2 no."

Throughout the court's instructions on the law it was pointed out to the jury that the concurrent negligence of defendant would be sufficient to establish liability if it were a proximate cause. Almost any instruction can be picked to pieces and a word used out of context so that the instructions as a whole seem improper, but, if when read as a whole they convey the law to the jury in understandable terms, they should be upheld. The impact upon the jury must be determined from the instructions when read as a whole. We find no reversible error.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that, as a matter of law, defendant's negligence was a concurrent cause of the accident herein. Ordinarily, the driver of a vehicle following another has the duty of having it under such control as to be able to stop in time before coming in contact with a preceding vehicle called upon to slow down or stop because of traffic conditions. See, 8 Am. Jur. (2d) Automobiles and Highway Traffic, § 773; Minn. St. 169.18, subd. 8; Wilson v. Sorge, 256 Minn. 125, 97 N. W. (2d) 477; Retzlaff v. Soman Home Furnishings, 260 Wis. 615, 51 N. W. (2d) 514. The jury was instructed with respect to this obligation and with respect to defendant's duty to keep his car under proper control. The jury found that he was negligent with respect

thereto, and I cannot conceive how under this finding such negligence was not a concurrent proximate cause of the accident.

The accident occurred about 5:30 p. m. on a clear day. The pavement was dry and defendant's headlights were lighted and operating properly. There was no obstacle or obstruction on the highway or adjacent to it to obscure his vision. When he first observed plaintiff's car, it was about 100 feet ahead of him. After he had observed its brake lights go on, he applied his brakes, but even after this and after skidding some 50 feet, he was unable to bring his car to a stop before striking plaintiff's car in the rear.

There can be no dispute but that this was the cause of the collision. The car driven by Mr. Trupiano, which was coming from the opposite direction and which turned to the left in front of plaintiff's car, did not come in contact with plaintiff's car at any time. Any negligence which might be attributable to Trupiano was almost simultaneous with the negligence of defendant and could not in any respect have insulated defendant's negligence as a concurring cause of the accident. See, Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585; Lee v. Lee, 248 Minn. 496, 80 N. W. (2d) 529, 67 A. L. R. (2d) 176; Souden v. Johnson, 267 Minn. 151, 125 N. W. (2d) 742.

MR. JUSTICE SHERAN took no part in the consideration or decision of this case.