# PATRICK WAYNE FISCHER v. MARGUERITE MART, SPECIAL ADMINISTRATRIX OF THE ESTATE OF CHARLES THOMAS MART.

241 N. W. 2d 320.

April 16, 1976—No. 45863.

*Sahr, Kunert & Tambornino, Roger T. Sahr,* and *Peder B. Hong,* for appellant.

*DeParcq, Anderson, Perl & Hunegs, Stephen S. Eckman,* and *O. C. Adamson II,* for respondent.

Heard before Todd, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

PER CURIAM.

In this action arising out of an automobile-motorcycle collision, defendant appeals from a judgment alleged to have been the result of improper and prejudicial closing argument by plaintiff. We affirm.

On April 23, 1970, Charles Mart's automobile collided with plaintiff's motorcycle at the intersection of Broadway Street and University Avenue in northeast Minneapolis. Mart was making a left turn from the center westbound lane of Broadway onto University southbound. Plaintiff was traveling straight through the intersection on Broadway eastbound, either in the right lane, which he testified was open, or by making an illegal pass between cars in the right lane and the curb, as one eyewitness testified. The jury found that both were causally negligent but that 90 percent of the combined negligence was attributable to Mart. Thus, under Minn. St. 604.01, subd. 1, plaintiff's contributory negligence did not bar recovery.

Before trial, plaintiff took the deposition of Mart, who died shortly thereafter from cancer.[1] Under Rule 32.01(3)(a), Rules of Civil Procedure, either party could have used this deposition at trial. Defendant summarized the content of this deposition in opening statement. It must be presumed from Code of Rules for the District Courts, Part I, Rule 27(c), that defendant intended to introduce the deposition, although defendant now argues that it was assumed plaintiff would do so. In any event, the deposition was never introduced. Plaintiff commented in closing argument on the failure of defendant to introduce the deposition, implying that such testimony would have been unfavorable to defendant. Defendant interrupted with an objection and a corrective instruction was immediately given.

---

[1] The special administratrix of his estate was substituted as the defendant.

In Kmetz v. Johnson, 261 Minn. 395, 402, 113 N. W. 2d 96, 101 (1962), we held that no adverse inference is permissible from the failure of one party to introduce evidence equally available to both parties, since under our liberal discovery rules the party seeking to benefit from such an adverse inference could himself obtain and introduce the evidence. The rationale for this holding applies as well where evidence available to both parties is deposition testimony of a person who would naturally tend to favor the party against whom the adverse inference is sought to be established. If there was any actual testimony in the deposition of Mart which was adverse to defendant, plaintiff could have introduced the deposition. Therefore, plaintiff's closing argument was improper.

In denying defendant's motion for a new trial, the judge determined that the argument had not prejudiced the jury. Since the trial judge was present when the improper argument was made and could observe its impact on the jury, his determination is generally entitled to deference absent clear abuse of discretion. Lee v. Lee, 248 Minn. 496, 502, 80 N. W. 2d 529, 534 (1957). While we do not condone improper argument of this nature, we find no reason on this record to disagree with the trial court's determination that it was not prejudicial.

Affirmed.