STATE BANK OF
COLOGNE, Appellant,

v.

Selma SCHRUPP, Respondent.

No. C3–86–1804.

Court of Appeals of Minnesota.

June 30, 1987.

Robert A. Nicklaus, Patricia J. Milun, Minneapolis, for appellant.

Richard M. Meshbesher, Hopkins, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and LESLIE and MULALLY,* JJ.

## OPINION

LESLIE, Judge.

Appellant State Bank of Cologne brought an action against respondent Selma Schrupp to enforce a guaranty agreement. After a two day trial, the trial court directed a verdict against Schrupp in favor of the Bank. Schrupp appealed from the judgment awarding the Bank $137,380.82 and from the trial court's denial of her motion for amended findings or a new trial. In *State Bank of Cologne v. Schrupp*, 375 N.W.2d 48 (Minn.Ct.App.1984) *pet. for rev. denied* (Minn. Dec. 13, 1985) (*Schrupp I*) this court reversed and remanded for two factual determinations. Upon remand the jury found Schrupp competent to enter into a valid guaranty agreement, but found that Schrupp was not reasonably able to anticipate that the Bank would act in reliance on the guaranty agreement actually signed. Judgment was entered for Schrupp. State Bank of Cologne appeals this judgment as well as the trial court's denial of their motion for judgment notwithstanding the verdict. We affirm.

## FACTS

Between July 1980 and September 1982, appellant State Bank of Cologne made between fifteen and twenty loans to respondent Selma Schrupp's daughter and son-in-law, LeMane and Lloyd Dopkins, who were in the business of making hydraulic valves. In early September 1982 Lester Mellgren, the president of the Bank, told the Dopkinses that the Bank needed additional security to back their existing indebtedness of approximately $102,000, as well as to back any additional loans that the Dopkinses sought.

President Mellgren informed them their loans were delinquent and that the Bank could demand immediate full repayment of their indebtedness. To forestall such an eventuality Mellgren suggested the Dopkinses obtain a guarantor for their obligations. Mellgren further suggested Schrupp as a candidate for such a guaranty. LeMane Dopkins testified that Mellgren indicated such a guaranty would merely allow the Bank to receive the Dopkinses' share of inheritance from Schrupp upon her death. Mellgren denied making this representation. Regardless, Mellgren supplied the Dopkinses with a blank continuing guaranty form and a blank financial statement form.

Early in the morning on September 7, 1982 Mellgren called the Dopkinses and told them that their time was up. They had to have the guaranty agreement executed and delivered to him that day. LeMane Dopkins then took the blank agreement over to her mother, Selma Schrupp. Schrupp was 78 years old at that time. On that particular day she was dizzy and could not read the agreement her daughter handed her. In fact, Schrupp thought she had had a stroke. LeMane explained the agreement to Schrupp, as she claimed Mellgren had outlined it to her, and Schrupp signed the guaranty. LeMane then took her to the doctor. When they eventually saw the doctor he prescribed medication for her dizziness.

LeMane gave the executed guaranty agreement to her husband, who forwarded

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

it to Mellgren that same day. Upon receipt of the signed agreement the Bank filled in the remaining blanks. The Bank filled in the name and address of the Bank as well as the names of the Dopkinses' businesses. It is unclear who filled out the financial statement. Regardless, the evidence is conclusive that Schrupp did not fill out or sign the statement. The statement estimated that Schrupp had a net worth of $165,000, $25,000 in cash and $140,000 in real estate.

Three days later, having received the executed guaranty form from the Dopkinses, Mellgren made them an additional loan of $19,700. Less than a year later the Dopkinses filed bankruptcy owing the Bank approximately $134,000. The Bank then proceeded against Schrupp.

Subsequent to these events, Schrupp indicated that she did not remember signing the guaranty and did not recall seeing it, or the financial statement, until after the Bank brought suit against her. In fact, no one at the Bank ever had any contact with Schrupp concerning the guaranty agreement until after the Dopkinses' bankruptcy.

After a two day trial on the enforceability of the guaranty agreement the trial court directed a verdict against Schrupp. Schrupp appealed the $137,380.82 judgment entered against her as well as the trial court's order denying her motion for amended findings or a new trial. In *Schrupp I*, 375 N.W.2d 48, this court reversed in part and remanded for a new trial on two factual issues. The first issue was whether Schrupp was competent to enter into a valid guaranty agreement with the Bank. The second issue was whether Schrupp could reasonably anticipate that the Bank would act in reliance on the guaranty.

A three day trial was held on remand. The trial court submitted the two issues to the jury on a special verdict form. First, the jury found Schrupp competent to enter into the guaranty agreement. Second, the jury found that the Bank had failed to prove that Schrupp could reasonably have anticipated the Bank's reliance on the guaranty, and therefore, the guaranty was not enforceable.

## ISSUE

Did the trial court act within its discretion in finding the jury verdict supported by the evidence and consistent with law?

## ANALYSIS

Judgment notwithstanding the verdict shall be granted "if the moving party would have been entitled to a directed verdict at the close of the evidence." Minn.R. Civ.Proc. 50.02(1). Such a motion will not be granted if "the evidence is sufficient to sustain a verdict for the opponent." Minn. R.Civ.Proc. 52.01. Judgment notwithstanding the verdict should only be granted when a contrary verdict is "manifestly against the entire evidence" or where it would be "contrary to the law applicable to the case." *Satter v. Turner*, 257 Minn. 145, 155, 100 N.W.2d 660, 667 (1960). Appellant State Bank of Cologne argues judgment notwithstanding the verdict should have been granted on both grounds.

In *Schrupp I*, 375 N.W.2d 48, this court remanded for a determination on the issues of competency and reasonable anticipation. The reasonable anticipation issue is the focus of this appeal. In *Schrupp I* this court addressed the question of whether the Bank was required to give notice to Schrupp of its acceptance of the guaranty. The rule on this question was enunciated in *Midland National Bank v. Security Elevator Co.*, 161 Minn. 30, 200 N.W. 851 (1924) and reiterated in *Southdale Center, Inc. v. Lewis*, 260 Minn. 430, 110 N.W.2d 857 (1961). The *Schrupp I* court stated the rule clearly:

> [W]here the terms of a guaranty unequivocally anticipate the extension of credit to a third person, and the guarantor can reasonably anticipate that the guarantee will act in reliance thereon, no notice of acceptance need be given the guarantor in order to make the contract effective.

*Schrupp I*, 375 N.W.2d at 52 (quoting *Southdale Center*, 260 Minn. at 439, 110

N.W.2d at 863). The converse is obviously true. Where the guarantor *can not* "reasonably anticipate that the guarantee will act in reliance thereon" notice of acceptance *must* be given to the guarantor to make the contract effective.

The jury found that although respondent Selma Schrupp was competent to enter into the guaranty agreement she signed, she could not have reasonably anticipated that appellant Bank would act in reliance on that guaranty. The trial court found there was sufficient evidence supporting this conclusion.

Conflicting evidence was presented as to what Schrupp was told the guaranty involved. The agreement itself was blank. Neither the Bank's nor the Dopkinses' names were filled in. There was sufficient evidence supporting the conclusion that Schrupp could not have reasonably anticipated the Bank's reliance on the guaranty. In such a situation, and in the absence of notice of acceptance, the agreement is unenforceable. *Schrupp I,* 375 N.W.2d at 52.

Appellant Bank argues the trial court improperly placed the burden of proving that Schrupp could have reasonably anticipated the Bank's reliance on her guaranty on the Bank. Appellant is mistaken. In cases where the guarantor can reasonably anticipate reliance on the part of guarantee, the guarantee need not provide notice of acceptance of the guaranty. *Id.* Should no notice be given, the guarantee has the burden of proving that the guarantor could have reasonable anticipated reliance. Since the Bank did not provide Schrupp with notice of acceptance of the guaranty the Bank had the burden of proving reasonable anticipation. In most cases this should be a relatively easy burden to meet. The unique facts of this case provide a sufficient basis for the contrary result.

Appellant Bank also claims a new trial should have been granted because of respondent counsel's misconduct during closing arguments. The trial court found respondent counsel's challenged comments "not prejudicial or out of line." In view of the discretion afforded the trial court on a new trial motion, we hold the trial court did not err in so finding. *See Fischer v. Mart,* 308 Minn. 218, 240, 241 N.W.2d 320, 321–22 (1976).

## DECISION

The trial court acted within its discretion in denying appellant's motion for J.N.O.V. and a new trial.

Affirmed.